Mary Louise Zehfuss, Petitioner *v.* Allegheny County Children and Youth Services, Respondent.

Argued October 6, 1983, before Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*John W. Gibson,* for petitioner.

*James H. McLean,* County Solicitor, with him *Robert L. McTiernan,* Assistant County Solicitor, for respondent.

OPINION BY JUDGE DOYLE, November 30, 1983:

Before this Court is an appeal by Mary Louise Zehfuss (Petitioner) from a decision and order of the State Civil Service Commission (Commission) affirming the propriety of her one day suspension and subsequent discharge from employment with Allegheny County Children and Youth Services (agency). We affirm.

Petitioner, a Clerk Typist I, Probationary Status, was suspended for one day on October 14, 1981, and then discharged from employment effective November 13, 1981, for what was deemed poor job performance, violations of agency policy and insubordination. She appealed both the suspension and the discharge to the Commission alleging that she had been impermissibly discriminated against because of her race.[1]

[1] Because of her status as a probationary employee, Petitioner's appeals were limited to the question of whether she had been subjected to discrimination prohibited by Section 905.1 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905a.

A hearing was held at which Petitioner also raised alleged discrimination regarding her age, sex and the lack of union representation. The Commission, finding that Petitioner was not discriminated against on the basis of any non-merit factor, unanimously concluded that her suspension and discharge were proper and dismissed her appeal. The appeal to this Court followed. Petitioner's sole challenge alleges that, as a public employee, she had a right to union representation at her pre-disciplinary conferences and that it was the agency's obligation to make sure that such representation was present, an obligation the agency did not meet.

After a careful review of the briefs, record and oral argument presented in this matter, we find Petitioner's appeal to be utterly devoid of merit. In *National Labor Relations Board v. J. Weingarten, Inc.*, 420 U.S. 251 (1975), the United States Supreme Court in addressing the federal unfair labor practices claim of an employee employed by a private sector corporation, stated:

> [I]t is a serious violation of the employee's individual right to engage in concerted activity by seeking the assistance of his statutory representative *if the employer denies the employee's request and compels* the employee to appear unassisted at an interview which may put his job security in jeopardy. (Emphasis added.)

*Id.* at 257 (quoting *Mobil Oil Corp.*, 196 N.L.R.B. 1052, 1052). Petitioner would have us construe this language to confer upon a public employer the *duty* to ensure that an employee be provided with union representation. This we are unable to do, even ignoring the fact that *Weingarten* addresses federal law as it is applied to the private sector and the absence of a precise Pennsylvania public sector analogue. Peti-

576

tioner concedes that the agency told her she could request representation, which she declined to do. There is no evidence whatsoever that she requested the agency to permit her to have representation at her conferences and was declined. Thus, *Weingarten* is wholly inapplicable to the case at bar. The agency fulfilled any obligation it may arguably have had to Petitioner as regards representation. There was no unlawful denial of union representation by the appointing authority and we must affirm the Commission.

## ORDER

Now, November 30, 1983, the decision and order of the State Civil Service Commission in the above captioned matter, Appeal No. 3678, dated July 29, 1982, is hereby affirmed.